1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE M. PASION,

11              Plaintiff,                  No. CIV S-10-3227 GGH P

12        vs.

13   JOHN A. HAVILAND, et al.,

14              Defendants.            ORDER
     _____/

15

16        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will be assessed an initial filing fee of $2.53.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments will be forwarded

26   by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2        The court is required to screen complaints brought by prisoners seeking relief

3  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7  U.S.C. § 1915A(b)(1),(2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15        A complaint must contain more than a "formulaic recitation of the elements of a

16  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

18  "The pleading must contain something more...than...a statement of facts that merely creates a

19  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

21  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

22  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

23  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

25        In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff complaint contains allegations of excessive force, inadequate medical care and retaliation.

Plaintiff states that another inmate assaulted him and they began fighting. Two guards, defendants Valdez and Freitas, arrived and ordered plaintiff and the inmate to get down. Plaintiff states that he got down on the ground but before he hit the ground he was already soaked with pepper spray. It also appears that plaintiff may have been pepper sprayed while he was on the ground, though it's not entirely clear. Plaintiff then states a witness saw the guards kick plaintiff in the ribs while he was on the ground, however plaintiff did not feel the kicks, see the kicks or apparently suffer any injury as a result of the kicks.

Plaintiff was then taken to medical where he was checked for injuries. Plaintiff states that instead of washing him with water, some unidentified person placed him in a holding cage for 45 minutes where the pepper spray penetrated his skin and eyes and he was unable to breathe properly.

Plaintiff then alleges that five months later he woke up with a swollen face and his neck and arms were irritated. Doctors at the prison treated him for a rash or allergy, despite plaintiff's insistence that this was the result of the pepper spray from five months prior. Plaintiff contends this condition became worse and several months later he was taken to an outside hospital, Doctors Hospital of Manteca. Plaintiff then states that the doctors at the hospital did not treat him for delayed reaction to pepper spray. Plaintiff states doctors repeatedly tested his blood and urine and performed a biopsy of skin from his arm. However, plaintiff alleges these doctors were somehow deliberately indifferent.

Regardless of the treatment plaintiff received at the prison and at the hospital, he has failed to identify any specific defendants who provided him with medical care. While

1    plaintiff has listed several doctors as defendants there is no description of the specific actions of

2    these doctors.  In addition, it is not clear from the complaint if the doctors at the Doctors Hospital

3    of Manteca are state actors under 42 U.S.C. § 1983.

4              Plaintiff also makes vague allegations that approximately 18 months after the

5    alleged incident he was placed in administrative segregation in retaliation for the filing of a

6    complaint, however, plaintiff does not present sufficient facts to set forth a cognizable retaliation

7    claim.

8              Plaintiff's complaint will be dismissed and he will be granted leave to file an

9    amended complaint within 28 days of service of this order.  Plaintiff must describe in more detail

10   how the guards allegedly used excessive force as it appears from this complaint that the force

11   used was reasonable to break up the fight.  In addition, plaintiff must identify the actions of the

12   specific medical personnel and present facts to demonstrate that the doctors were state actors for

13   purposes of this action.

14             In order to state a claim under § 1983, a plaintiff must allege that:  (1) defendant

15   was acting under color of state law at the time the complained of act was committed; and (2)

16   defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

17   Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

18   (1988).  As discussed above, it does not appear that the doctors from the outside hospital are state

19   actors.

20             The Civil Rights Act under which this action was filed provides as follows:

21             Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
22             deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
23             law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4

1   (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3   omits to perform an act which he is legally required to do that causes the deprivation of which

4   complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

5           Moreover, supervisory personnel are generally not liable under § 1983 for the

6   actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

7   defendant holds a supervisorial position, the causal link between him and the claimed

8   constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

9   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

10   941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

11   in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

12   Cir. 1982).

13           To state an Eighth Amendment claim, a plaintiff must allege that the use of force

14   was "unnecessary and wanton infliction of pain." <u>Jeffers v. Gomez</u>, 267 F.3d 895, 910 (9th Cir.

15   2001). The malicious and sadistic use of force to cause harm always violates contemporary

16   standards of decency, regardless of whether or not significant injury is evident. <u>Hudson v.</u>

17   <u>McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). However, not "every malevolent touch by a

18   prison guard gives rise to a federal cause of action." <u>Hudson</u>, 503 U.S. at 9. "The Eighth

19   Amendment's prohibition of cruel and unusual punishments necessarily excludes from

20   constitutional recognition de minimis uses of physical force, provided that the use of force is not

21   of a sort repugnant to the conscience of mankind." <u>Id</u>. at 9-10 (internal quotations marks and

22   citations omitted).

23           In order to state a claim for violation of the Eighth Amendment based on

24   inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

25   deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

26   To prevail, plaintiff must show both that his medical needs were objectively serious, and that

1   defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

2   (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

3   mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4

4   (1992).

5          A serious medical need exists if the failure to treat a prisoner's condition could

6   result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

7   that a prisoner has a serious need for medical treatment are the following:  the existence of an

8   injury that a reasonable doctor or patient would find important and worthy of comment or

9   treatment; the presence of a medical condition that significantly affects an individual's daily

10  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

11  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

12  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

13  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

14         In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

15  strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

16  course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

17  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

18  be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

19  have known of the risk or that a defendant should have known of the risk.  Id. at 842.

20         It is nothing less than recklessness in the criminal sense-subjective

21  standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

22  official must both be aware of facts from which the inference could be drawn that a substantial

23  risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

24  is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

25  by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

26  acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

1  the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42.

2  However, obviousness per se will not impart knowledge as a matter of law.

3        In order to state a retaliation claim, a plaintiff must plead facts which suggest that

4  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor

5  behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

6  1989); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The plaintiff must also plead facts

7  which suggest an absence of legitimate correctional goals for the conduct he contends was

8  retaliatory. Pratt at 806 (citing Rizzo at 532). Mere conclusions of hypothetical retaliation will

9  not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of

10 the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

11        In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts

12 should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

13 conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472,

14 115 S. Ct. 2293 (1995)).

15        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

16 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

18 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

19 there is some affirmative link or connection between a defendant's actions and the claimed

20 deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

21 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

22 vague and conclusory allegations of official participation in civil rights violations are not

23 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

26 amended complaint be complete in itself without reference to any prior pleading. This is

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

2  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

3  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

4  original complaint, each claim and the involvement of each defendant must be sufficiently

5  alleged.

6         In accordance with the above, IT IS HEREBY ORDERED that:

7      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

9  Plaintiff is assessed an initial partial filing fee of $2.53.  All fees shall be collected and paid in

10 accordance with this court's order to the Director of the California Department of Corrections

11 and Rehabilitation filed concurrently herewith.

12     3.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

13 to file an amended complaint within twenty-eight days from the date of service of this Order.

14 Failure to file an amended complaint will result in this action being dismissed.

15 DATED: January 31, 2011

16

17     /s/ Gregory G. Hollows

18     GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE

19 GGH:AB
   pasi3227.b

20

21

22

23

24

25

26