IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE M. PASION,

    Plaintiff,                    No. CIV S-10-3227 GGH P

    vs.

JOHN A. HAVILAND, et al.,

    Defendants.              <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed and plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1

1 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5 Cir. 1989); Franklin, 745 F.2d at 1227.

6       A complaint must contain more than a "formulaic recitation of the elements of a
7 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9 "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
13 v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A
14 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15 the reasonable inference that the defendant is liable for the misconduct alleged." Id.

16       In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
19 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
20 1843 (1969).

21       Plaintiff's amended complaint contains allegations of excessive force, inadequate
22 medical care and retaliation. The court notes that other than a few additions and some reworded
23 paragraphs most of the amended complaint is identical to the original complaint.

24       Plaintiff states that another inmate assaulted him and they began fighting. Two
25 guards, defendants Valdez and Freitas, arrived and ordered plaintiff and the inmate to get down.
26 Plaintiff states that he got down on the ground but before he hit the ground he was already soaked

with pepper spray. Plaintiff then states a witness saw the guards kick plaintiff in the ribs while he was on the ground, however, plaintiff did not feel the kicks, see the kicks or apparently suffer any injury as a result of the kicks. Plaintiff has failed to allege a viable claim of excessive force. The use of pepper spray on two inmates fighting is reasonable. With respect to the guard that may have kicked plaintiff, but he did not feel, this also fails to state a viable claim of excessive force.

Plaintiff was then taken to medical where he was checked for injuries. Plaintiff states that instead of washing him with water, some unidentified person placed him in a holding cage for 45 minutes where the pepper spray penetrated his skin and eyes and he was unable to breathe properly. Plaintiff has again failed to identify what medical staff checked him for injuries and did not allow him to wash with water. If plaintiff wishes to proceed with this claim he must identify the appropriate defendant.

Plaintiff then alleges that five months later he woke up with a swollen face and his neck and arms were irritated. Doctors at the prison treated him for a rash or allergy, despite plaintiff's insistence that this was the result of the pepper spray from five months prior. Plaintiff contends this condition became worse and several months later he was taken to an outside hospital, Doctors Hospital of Manteca. Plaintiff then states that the doctors at the hospital did not treat him for delayed reaction to pepper spray. Plaintiff states doctors repeatedly tested his blood and urine and performed a biopsy of skin from his arm. However, plaintiff alleges these doctors were somehow deliberately indifferent. Plaintiff was later taken to Doctors Hospital of San Pablo where another doctor again treated plaintiff for a rash or allergy, instead of for exposure to pepper spray.[1] Plaintiff does not allege his medical problems were ignored, rather his ailments were not quickly cured and he does not agree with the great deal of treatment he

---

[1] It is not clear how treatment for pepper spray would be any different for a treatment for a rash or allergy, as they all appear to deal with an adverse reaction of the skin, nor does plaintiff state what the proper treatment would include.

3

1  received. Plaintiff must show that defendants were deliberately indifferent to his serious medical
2  needs. In addition, it is not apparent from the complaint if the defendants at the Doctors Hospital
3  of Manteca or Doctors Hospital San Pablo are state actors under 42 U.S.C. § 1983.
4        Plaintiff also makes allegations that approximately 18 months after the alleged
5  incident he was placed in administrative segregation in retaliation for the filing of a complaint.
6  Plaintiff generally states that certain defendants placed him in administrative segregation,
7  because they "knew" he would not withdraw his appeal, but does not provide any factual support
8  to this allegation. Plaintiff does makes one allegation that defendant Captain Cappel, "asked
9  plaintiff to withdraw his complaint. Again, knowing that plaintiff would not withdraw his
10 complaint, Captain Cappel ordered the retention of plaintiff to AD/SEG." Amended complaint at
11 17. While this could allege a claim of retaliation, plaintiff must allege more facts as it is not
12 clear what happened. Rather than state what defendants were thinking, plaintiff must describe
13 the interaction or discussion that occurred with these defendants. Plaintiff should describe what
14 the defendants said, and what plaintiff stated.
15       The amended complaint is dismissed and plaintiff will be provided 28 days to file
16 a second amended complaint. No further amendments will be allowed. Failure to file a second
17 amended complaint will result in this action being dismissed.
18       In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant
19 was acting under color of state law at the time the complained of act was committed; and (2)
20 defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the
21 Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48
22 (1988). As discussed above, it does not appear that the doctors from the outside hospital are state
23 actors.
24       To state an Eighth Amendment claim, a plaintiff must allege that the use of force
25 was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.
26 2001). The malicious and sadistic use of force to cause harm always violates contemporary

standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

5

course, negligence is insufficient. Farmer, 511 U.S. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

"[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

1 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
2 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
3 there is some affirmative link or connection between a defendant's actions and the claimed
4 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
5 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
6 vague and conclusory allegations of official participation in civil rights violations are not
7 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
9 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
10 amended complaint be complete in itself without reference to any prior pleading.  This is
11 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
12 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
13 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
14 original complaint, each claim and the involvement of each defendant must be sufficiently
15 alleged.

16          In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
17 amended complaint is dismissed, with leave to file a second amended complaint within twenty-
18 eight days from the date of service of this Order.  Failure to file an second amended complaint
19 will result in this action being dismissed.

20 DATED: April 20, 2011

21                                          /s/ Gregory G. Hollows

22                                          _____
                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE
23 GGH:AB
pasi3227.b2