IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE M. PASION,

    Plaintiff,                    No. 2:10-cv-3227 GGH P

    vs.

JOHN A. HAVILAND, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983 and a motion for summary judgement is currently pending. Plaintiff was previously informed of the requirements to oppose summary judgment pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). However, in light of Woods v. Carey, --- F.3d ----, 2012 WL 2626912 (9th Cir. July 6, 2012), plaintiff will be informed again.

        Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion

1  for summary judgment will set forth the facts that the defendants contend are not reasonably
2  subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary
3  judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of
4  the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the
5  complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and
6  plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.
7  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
8  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
9  have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but
10 plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon
11 all or any part of the transcript of one or more depositions, answers to interrogatories, or
12 admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence
13 with counter-affidavits or other admissible evidence, the defendants' evidence may be taken as
14 the truth and the defendants' motion for summary judgment granted.  If there is some good
15 reason why such facts are not available to plaintiff when required to oppose a motion for
16 summary judgment, the court will consider a request to postpone considering the defendants'
17 motion.  If plaintiff does not serve and file a written opposition to the motion or a request to
18 postpone consideration of the motion, the court may consider the failure to act as a waiver of
19 opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether
20 opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and
21 the case will be closed.  A motion or opposition supported by unsigned affidavits or declarations
22 will be stricken.

23         Plaintiff will be provided 21 days to file additional evidentiary submissions if he
24 wishes regarding the motion for summary judgment, but it is not required.  No extensions will be
25 given.
26 /////

1  Accordingly, IT IS HEREBY ORDERED that plaintiff will be provided 21 days
2  to file additional evidentiary submissions if he wishes, but it is not required.  No extensions will
3  be given.
4  DATED: July 11, 2012

　　　　　　　　　　　　　　　 /s/ Gregory G. Hollows
5 　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
GGH: AB
6  pasi3227.brf