UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE M. PASION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN A. HAVILAND, et al.,<br><br>　　　　Defendants. | No.  2:10-cv-3227 MCE AC P<br><br><br>ORDER |

　　　　Plaintiff is a former California prisoner proceeding with counsel in a civil rights action under 42 U.S.C. § 1983.  The mandate of the Ninth Circuit has issued, ordering that the appellate court's judgment, entered December 22, 2014, takes effect as of February 13, 2015.  ECF No. 61.  The district court's screening of the claims against defendant McGuire and grant of summary judgment for defendant Cappel have been vacated and the case remanded.  ECF No. 56.  The Ninth Circuit declined to address defendant Cappel's argument that he is entitled to qualified immunity and left that issue to be considered on remand.  Id. at 4.  Counsel for plaintiff appeared on March 6, 2015 (ECF Nos. 67, 68, 69), and the parties have requested a status conference (ECF No. 70).

　　　　Accordingly, pursuant to the provisions of Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED that:

　　　　1. A status (pretrial scheduling) conference is set for Wednesday, May 5, 2015, at 10:00

1

a.m. in Courtroom #26 before the undersigned. Counsel for the parties may appear telephonically.

    2. The parties are required to submit a joint status report to the court by April 29, 2015, briefly setting out their views on the following matters:

        a. Whether further briefing on defendant Cappel's qualified immunity argument is desired. If the parties desire further briefing, the report should also contain a proposed briefing schedule;

        b. Whether plaintiff seeks to file an amended complaint as to his claims against defendant McGuire prior to service of the complaint; and

        c. Proposals for effective case management given the disparate procedural postures of the defendants. Proposals should address the following:

            i. Service of process;

            ii. Jurisdiction and venue;

            iii. Anticipated motions and the scheduling thereof;

            iv. Anticipated discovery and the scheduling thereof;

            v. Future proceedings, including appropriate cutoff dates for discovery and pretrial motions, and the scheduling of a pretrial conference and trial and anticipated length of trial;

            vi. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

            vii. Whether this matter is to be tried before this court or the district court. See 28 U.S.C. § 636(c);

            viii. Whether the parties will stipulate to the trial judge acting as settlement judge and waiving any disqualifications by virtue of his so acting, or whether they prefer to have a settlement conference before another judge; and

////

////

////

      ix.  Any other matters that may add to the just and expeditious disposition of this matter.

DATED: April 6, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE