UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE M. PASION, | No. 2:10-cv-3227 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| JOHN A. HAVILAND, et al., | |
| Defendants. | |

    Prior to the entry of findings and recommendations on defendant Cappel's motion for summary judgment, the parties filed a stipulated request for a status conference to address deadlines for defendant McGuire. ECF No. 107. In the stipulation, the parties noted that a schedule for discovery and the filing of motions had already been set for defendant Cappel. Id. The court granted the request for a status conference to the extent it held that a status conference would be scheduled upon resolution of defendant Cappel's motion for summary judgment. ECF No. 109 at 10. On March 31, 2016, the district judge adopted the undersigned's findings and recommendations on the motion for summary judgment. ECF No. 112. Since the motion has now been resolved, the court will set a status/scheduling conference. In addition to proposing a schedule for discovery and motions related to the claims against defendant McGuire, the parties' status report(s) should also address their positions on amending the current schedule for discovery and motions as to the claims against defendant Cappel (ECF No. 76) so that the deadlines for both

1

defendants coincide.

Accordingly, pursuant to the provisions of Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED that:

1. A status (pretrial scheduling) conference is set for Wednesday, May 11, 2016, at 10:00 a.m. in Courtroom #26 before the undersigned.  Counsel for the parties may appear telephonically.

2. The parties must confer, as required by Federal Rule of Civil Procedure 26(f), prior to the status conference and are required to file status reports[1] by May 4, 2016, addressing the following matters:

      i.  Service of process;

      ii.  Jurisdiction and venue;

      iii.  Anticipated motions and the scheduling thereof;

      iv.  The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

      v.  Future proceedings, including appropriate cutoff dates for discovery and pretrial motions, and the scheduling of a pretrial conference and trial and anticipated length of trial;

      vi.  Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

      vii.  Whether this matter is to be tried before this court or the district court, see 28 U.S.C. § 636(c);

      viii.  Whether a settlement conference should be scheduled;

      ix.  Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge; and

////

---

[1] The parties are encouraged to file a joint status report.

...

                  ix.  Any other matters that may add to the just and expeditious disposition of this matter.

3. Due to the extraordinarily high case load of the district court judges in this district, trials in civil rights actions concerning prison conditions are often conducted by United States Magistrate Judges with the consent of all the parties.  A trial conducted by a magistrate judge is far more likely to proceed on a scheduled trial date.  Presently, when a civil trial is set before a district judge, any criminal trial which conflicts with the civil trial will take priority, even if the civil trial date was set first.  Thus, a civil trial set before a district judge is often trailed day to day or week to week until the completion of the matter occupying the district court.  Consenting to the jurisdiction of a magistrate judge for all purposes will generally expedite the resolution of an action.

The parties are therefore reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action.  A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.  Consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District, if the matter proceeds to trial under this process, the Court will handle the trial just as any other civil case which comes before the Court.

Withholding consent or declining jurisdiction of a United States Magistrate Judge for all purposes will have no effect on the merits of a party's case or have any adverse substantive consequences.[2]  A party may also consent to magistrate judge jurisdiction at any time, even if the party has previously declined such jurisdiction.

DATED: April 7, 2016

                                                  *Allison Claire*
                                                 ALLISON CLAIRE
                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] Even if the parties decline consent, under Local Rule 302 the assigned magistrate judge will still conduct a number of pretrial matters.